# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>ADAM JUDAH DIGGINS,<br><br>Petitioner. | No. 55987-1-II<br><br>UNPUBLISHED OPINION |

WORSWICK, J. — Adam Judah Diggins seeks relief from personal restraint imposed when the trial court denied him bail following his charges for attempted first degree murder, cyberstalking, and use of drug paraphernalia. He argues that the trial court violated article I, section 20 of the Washington Constitution, which allows a trial court to deny bail "for offenses punishable by the possibility of life in prison." He argues that attempted first degree murder is not "punishable by the possibility of life in prison." In *Pers. Restraint of Sargent,* ___ Wn. App. 2d ___, 499 P.3d 241, 248 (2021), we held that attempted first degree murder is "punishable by the possibility of life in prison." Accordingly, we held that the denial of bail following that charge does not violate article I, section 20. *Sargent,* 499 P.3d at 249. Diggins' argument fails.

Next, Diggins argues that the Sentencing Reform Act (SRA) is a "limitation" on article I, section 20 as "determined by the legislature." Br. of Petitioner at 8, 10. But in *Sargent*, we held otherwise. 499 P.3d at 250. Diggins' argument fails.

Diggins also argues that there was not clear and convincing evidence that he had a "propensity for violence that creates a substantial likelihood of danger to the community or any persons" as required by article I, section 20. "Clear and convincing evidence exists when the evidence shows the ultimate fact at issue to be highly probable." *Sargent*, 499 P.3d at 252

(quoting *State v. K.A.B.*, 14 Wn. App. 2d 677, 696, 475 P.3d 216 (2020)). Thus, if the State shows it was highly probable that Diggins shows a propensity for violence that creates a substantial likelihood of danger to the community or any persons, and finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community, then it follows that the trial court properly denied him bail. *Sargent*, 499 P.3d at 252.

Diggins argues that the State did not show by clear and convincing evidence that he has a propensity for violence because the State relies on unproven accusations. But under RCW 10.21.060(3), the normal rules of evidence do not apply at bail hearings. Thus, relying on unproven accusations to deny bail is permitted as a precautionary measure to protect the public. *Sargent*, 499 P.3d at 252.

Here, the State showed that it is highly probable that Diggins has a propensity for violence. According to the State, Diggins sent a long string of messages to Denise Geer threatening to kill her and her partner, Mark Deszendeffy. Police located Diggins in a vehicle less than 500 feet from Deszendeffy's home, in possession of a gun, two loaded magazines for the gun, a hatchet, a pickaxe, and a shovel. The trial court did not abuse its discretion in finding that Diggins has a propensity for violence.

Finally, Diggins argues that the trial court imposed sufficient conditions on him to reasonably assure the safety of the community. A trial court must deny bail under RCW 10.21.040 if it finds that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *Sargent*, 499 P.3d at 252. RCW 10.21.050 defines the factors a court must take into account to determine whether conditions of release "will reasonably assure the safety of any other person and the community." These include:

> (1) The nature and circumstances of the offense charged, including whether the offense
> is a crime of violence;
> (2) The weight of the evidence against the defendant; and
> (3) The history and characteristics of the defendant, including:

(a) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

(b) Whether, at the time of the current offense or arrest, the defendant was on community supervision, probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and

(c) The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Here, the trial court placed multiple conditions on Diggins before his bail hearing. The trial court issued no-contact orders prohibiting contact with Geer and Deszendeffy. The trial court also ordered Diggins to surrender all weapons. But given the nature of Diggins' threats and actions, it is unlikely that this combination of conditions will reasonably assure the safety of the community. Thus, we hold that the State showed by clear and convincing evidence that Diggins shows a propensity for violence and that no combination of conditions would reasonably protect members of the community.

Holding that the trial court did not err in denying him bail, we deny Diggins' petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Price, J.

3